Chaim B. Book, Esq. (CB4652)
M. Todd Parker, Esq. (MP 4548)
Moskowitz, Book & Walsh, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PORTIA DEWAR,

                Plaintiff,

vs.

GATE GOURMET,

                Defendant.

---

09 1219

09 cv MAUSKOPF, J.

**COMPLAINT**

LEVY, M.J

Plaintiff Portia Dewar ("Plaintiff" or "Portia"), by her attorneys, Moskowitz, Book & Walsh, LLP, as and for her complaint against defendant, Gate Gourmet, alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, plaintiff was and still is a resident of Queens, New York.

2. Upon information and belief, at all times hereinafter mentioned, defendant, Gate Gourmet, was and still is a corporation duly incorporated and existing under and by virtue of the laws of Virginia and transacts business and maintains an office at 11710 Plaza America Drive # 80, Reston, VA, 20190.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, in that plaintiff and defendant are citizens of different states and the value of the amount in controversy exceeds $75,000.00.

4. Pursuant to 28 U.S.C. § 1391, venue lies in the Eastern District of New York, where a substantial part of the events giving rise to the claim occurred.

## SUMMARY OF FACTS

5. Plaintiff is a Black woman of Jamaican descent.

6. Plaintiff was employed by Gate Gourmet from January 2007 until she was terminated on January 20, 2009.

7. Plaintiff was initially employed as a recruiter in Gate Gourmet's Human Resources ("HR") department. In September 2008, she was promoted to HR Manager.

8. In addition to receiving this promotion, Plaintiff always received positive feedback with regard to her performance as a recruiter and in fact received an award for her service.

9. In October 2008, Gate Gourmet hired Maureen McMahon, a Caucasian woman, to take over the recruiter position from which Dewar had been promoted. Dewar trained Maureen McMahon as a recruiter when she started in October 2008.

10. Because of new business that was awarded to Gate Gourmet in October 2008, Dewar continued to assist with recruiter responsibilities during October, November, and December of 2008 at the request of her supervisors. Also at the request of her supervisors, she did not fully assume HR Manager responsibilities during that time because of the ongoing need

for assistance with recruiter responsibilities. Dewar did not receive training for her new position as HR Manager due to the ongoing need for her to assist with recruiter responsibilities.

11. In December 2008, Plaintiff was informed that Maureen McMahon had been given six weeks notice that she would be terminated, effective January 31, 2009, due to budget constraints. She was also informed that she would then be the only person in her department.

12. During a meeting in December 2008, Dewar asked Gate Gourmet's General Manager, Tony McMillion, if the company was closing the HR department. McMillion told Dewar that Gate Gourmet was not closing the department, that she was doing a good job, and that she had no reason to be concerned about her job.

13. At the same meeting, McMillion told Dewar that when Gate Gourmet had had a white General Manager, there had been a white HR manager and a white assistant general manager and that when the company had had a Hispanic General Manager, there had been a Hispanic HR manager and a Hispanic assistant general manager. McMillion stated that now the company had a Black General Manager, a Black HR manager and a Black assistant general manager, but that this was not the image he wanted to portray.

14. At a later date in December 2008, on a conference call with Nadia Noel, Michael Burke, and Dewar, Gate Gourmet's Director of HR, Richard Jones, told the three not to worry about their jobs. He stated that the company was laying people off, but that the three of them all had a job and that the layoffs would be hard on Dewar because she would be the only HR employee in the Northeast Region.

15. In December 2008, Dewar requested and received approval from her supervisor, Richard Jones, to take vacation in January 2009. Accordingly, she took vacation from January 12, 2009 to January 20, 2009, at which point she returned to the office.

16. On January 20, 2009, the day she returned from vacation, Dewar was called to a meeting in McMillion's office. She was informed that she was being terminated, effective January 23, 2009, and that she needed to vacate the premises immediately.

17. When Dewar inquired as to the reason for the termination, McMillion informed her that she was not able to take the department to the level he wanted. Richard Jones informed her that she had made "some mistakes," but that recruiting was her forte and she should stick to it.

18. In the same meeting, Plaintiff offered to accept a demotion to recruiter so as to remain employed by Gate Gourmet. The offer was declined without explanation.

19. Prior to her termination, Plaintiff had never received any reprimands or indications that she was not performing her duties in a satisfactory manner.

20. Immediately after Plaintiff's termination, Maureen McMahon was hired to replace her.

21. Plaintiff alleges that she was discriminated against and wrongfully and unlawfully terminated from Gate Gourmet on the basis of her race.

22. Plaintiff alleges that she was discriminated against and wrongfully and unlawfully terminated from Gate Gourmet on the basis of her national origin.

23. Plaintiff alleges that she has suffered severe financial hardship and has been negatively impacted by Gate Gourmet's discriminatory practices.

24. Plaintiff alleges that she has undergone severe emotional pain and suffering due to Gate Gourmet's unlawful and discriminatory practices.

## AS AND FOR A FIRST CAUSE OF ACTION
(Discrimination on the basis of race under N.Y.C Admin. Code)

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant unlawfully discharged and otherwise discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment, because of her race.

27. Defendant, by way of the above-described conduct, among other things, intentionally and willfully discriminated against Plaintiff by discriminating against her and terminating her on account of her race, in violation of her rights secured by § 8-107 of the New York City Administrative Code.

28. As a result of defendant's wrongful actions, Plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

## AS AND FOR A SECOND CAUSE OF ACTION
(Discrimination on the basis of national origin under N.Y.C. Admin. Code)

29. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 as if fully set forth herein.

30. Defendant unlawfully discharged and otherwise discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment, because of her national origin.

31. Defendant, by way of the above-described conduct, among other things, intentionally and willfully discriminated against Plaintiff by discriminating against her and terminating her on account of her national origin, in violation of her rights secured by § 8-107 of the New York City Administrative Code.

32. As a result of defendant's wrongful actions, Plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) that Plaintiff be awarded compensatory and punitive damages in an amount to be determined at trial;

(b) that Plaintiff be awarded back pay and front pay in an amount to be determined at trial;

(c) that Plaintiff be awarded statutory damages;

(d) that Plaintiff be awarded punitive damages;

(e) that Plaintiff be awarded emotional distress damages;

(f) that Plaintiff be awarded attorneys' fees and costs;

(g) that Plaintiff be awarded such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

Dated:   New York, New York
         March 20, 2009

                                    MOSKOWITZ, BOOK & WALSH, LLP

                                    By: _____
                                    Chaim B. Book (CB 4652)
                                    M. Todd Parker (MP 4548)
                                    Attorneys for Plaintiff
                                    345 Seventh Avenue, 21st Floor
                                    New York, New York 10001
                                    (212) 221-7999